IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA
   Plaintiff

 VS

               Case No. 08-20060-01 jwl .

Shawn B. Mullen    Defendant

OBJECTIONS TO PRESENTENCE REPORT AND SUGGESTIONS

The Defendant by and through counsel submits the following objections to the Presentence Report and Suggestions for sentencing:

OBJECTIONS TO THE PRESENTENCE REPORT:

The Defendant has no objections to the Presentence Report

SENTENCING SUGGESTIONS

HISTORY OF OFFENSE

1. The defendant was indicted and entered a plea of guilty in the United States District Court for the District of Kansas. In Count 1 the defendant was charged with receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). Count 2 charged the Defendant with Possession of Child Pornography in violation of 18

1

U.S.C. § 2252(a)(4)(B). The indictment alleged that the offenses occurred between October 24, 2006 and July 13, 2007. The Defendant was released on pretrial supervision and was released on his own recognizance. The pretrial supervision officer had no objection to the Defendant's continued release subsequent to the plea of guilty on December 8, 2008 and pending sentencing. After the plea the Defendant was taken into custody where he remains.

2. On October 24, 2006 the Defendant purchased a 30 day package to an internet child pornography site through PayPal. This resulted in the search of his residence in Leavenworth, Kansas on July 13, 2007. The Defendant admitted to the investigator having downloaded child pornography images to his computer. The Defendant denied trading child pornography with anyone and denied any molestation of children. Seized from his home were computers and floppy disks zip disks and hard drives. The material discovered on the seized material is found at paragraphs 18-22 of the Presentence Report.

3. As set forth in paragraph 23 of the Presentence Report there was no evidence of trafficking or distribution. Nor was there evidence suggesting that the Defendant was directly involved in the

production of images. The Defendant cooperated and did not obstruct justice. The Defendant accepted responsibility by his agreement to the factual basis set forth by the Government at the plea hearing.

4. The Defendant's base level is 22 as the result of the higher guideline USSG 2G2.2(a)(1).

5. Because the Defendant's conduct was limited to receipt of material involving the sexual exploitation of a minor, and the Defendant did not intend to traffic or distribute the material the offense is reduced by two levels.

6. The offense level was increased two levels because prepubescent minor children were depicted.

7. The Offense level was increased four levels because the material portrayed sadistic or masochistic conduct referred to in paragraph 31 of the PSR.

8. The use of the computer increased the offense level two levels.

9. The number of images (150-300) increased the offense level by three.

10. Should the Defendant receive all points for acceptance of responsibility the adjusted offense level is 28.

11. The Defendant has no criminal record. A mandatory minimum sentence is five years. The USSG Guideline based on an offense level of 28 is 78 to 97 months.

PERSONAL DATA

The Defendant's personal and family data is well set forth in the Presentence Report and will not be fully reiterated in this pleading It is noteworthy that his child Gabriel (DOB 10/27/98 is autistic and requires special attention. The defendant throughout his adult life has been regularly employed. From May 23, 1989 to December 31, 2008 the defendant was employed with Northrup Grumman, Fort Leavenworth, Kansas with a security clearance. The defendant has been a productive member of his community and a good father. Regrettably his mental health issues relating to the use of pornography have overshadowed his achievements. The defendant has been heavily involved in scouting for many years and is himself an Eagle Scout. He has served as scout master and assistant scout master. For years the defendant has been in charge of displaying flags at the Leavenworth National Cemetery and arranging the necessary ceremonies.

## MENTAL AND EMOTIONAL

The Defendant has been evaluated by George Athey, Jr., Ph.D., ABPP. The Athey report has been made available to the Court in pleadings to continue the Defendant on release status at the change of plea hearing. The Defendant anticipates testimony from Dr. Athey at the Sentencing hearing. There are some important findings by Dr. Athey that will be included in this document. Dr. Athey found in his extensive testing no inclination by the Defendant to exploit others and found that all factors argue against the Defendant acting to harm others. Report at pages 4 and 5. Dr. Athey found that the Defendant's behavioral pattern is NOT acting out against others but instead involved isolation and fantasy. Athey report page 6. Isolation and fantasy is the dark side of the internet and plays perfectly and tragically into the mental health issues of the Defendant.

Dr. Athey found that the Defendant's condition was consistent with Aspergers which has an important component of social isolation. The disorder results not in crimes against others but behavior that falls outside social norms (which can also be criminal and was in this case). The testing and results are inconsistent with a finding that the defendant has characteristics of Pedophillia. Athey report page 6.

Dr.Athey's Diagnosis and opinion is found at page 6 of his report and fully support a sentence below the guidelines.

LEGAL ARGUMENT

The decision in United States v. Booker, 543 U.S. 229, 135 S. Ct. 738 (2005) held that the United States Sentencing Guidelines were advisory and not mandatory. The Guidelines, "formerly mandatory, now serve as one factor among several, courts must consider in determining the appropriate sentence." Kimbrough v. U.S. 128 S. Ct. at 564 (2007) and Gall vs. U.S. 128 S. Ct. 586 at 602. "The statute as modified by Booker, supra, contains and overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing." Kimbrough 128 S. Ct. at 570 (2007).

Because the guidelines are not the only consideration the Court should consider all of the 18 U.S.C. 3553(a) factors to determine a sentence requested by a party. The Court must consider arguments that the guidelines should not apply on general policy grounds, case-specific grounds, Rita v. U.S. 127 S. Ct. 2456 at 2463, 2465, 2467-68

(2007). In doing so the judge may not presume that the Guidelines range is reasonable. Gall, supra at 596, 597 and Rita, supra at 2465.

Of great importance is the fact that district court judges must now consider and respond to nonfrivolous arguments that the guideline sentence itself reflects an unsound judgment because it fails properly to reflect § 3553 (a) considerations, does not treat defendant characteristics in the proper way, or a different sentence is appropriate regardless. Rita, 127 S. Ct. at 2465, 2468. District Courts are no longer required or permitted to simply defer to Commission policies. Id. Courts of Appeals may not "grant greater factfinding leeway to the Commission than to the district judge." Id. at 2463. "Even the Government has "acknowledged that…..courts may vary (from the Guidelines ranges) based solely on policy considerations, including disagreements with the Guidelines. Kimbrough, 128 S. Ct. at 570.

Thus Judges may vary from the child pornography guidelines because of the individual circumstances of the case, United States v. Pauley, 511 F. 3rd 468 (4th Cir. 2007), and/or because the Guidelines are not the product of empirical data, national experience, or independent expertise and thus do not satisfy § 3553(a)'s objectives,

or both. See United States v. Baird, slip op. 2008 WL 151258 (D. Neb. Jan. 11, 2008).

## FLAWED PROGRESSION OF CHILD PORNOGRAPHY GUIDELINES

The information and suggestions in this sentencing memorandum are found in the comprehensive article written by Troy Stabenow, Assistant Public Defender for the Western District of Missouri and cited with his approval Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines. www.fd.org/obstb_SentencingResource3.htm. The January 1, 2009 Stabenow update will be cited when the report is online.

The basis for the defendant's suggestions is that four of the applicable USSG guidelines applied to the defendant should not be given full respect because they do not exemplify the Commission's exercise of its characteristic institutional role, Kimbrough, 128 S. Ct. at 575 but instead merely parroted the directives of Congress, which in turn admits it was merely enacting an un-debated item written by federal prosecutors. In that event the guidelines in question are due little respect. See Stabenow, page 29.

The defendant's base level of 22 is the result of flawed guideline decisions lacking empirical study. During the same flawed decision making the defendant' offense became eligible for the four level enhancement for material that portrays sadistic or masochistic conduct or other depictions of violence. On November 29, 1990 Congress criminalized the possession of child pornography. The Commission had to consider whether to treat possession as equivalent to trafficking or to create a new base offense level. The solution was published January 17, 1991. A new section 2G2.4 was created with a base level of 10 for the offense of possession of child pornography and the analogous offenses of receiving and transporting child pornography. If relevant conduct involved an association with trafficking 2G2.2 would apply. The Commission modified 2G2.2 to apply to cases involving Selling or Possession with intent to sell child pornography. The proposal included a new four level specific offense enhancement for material that portrays sadistic or masochistic conduct or other depictions of violence. This specific offense enhancement was neither recommended for nor applied to the newly created 2G2.4 for possession and receipt of child pornography. 2G2.4 was implemented through Amendment 372. These changes were made

based on Commission study as anticipated in the Commission's institutional role. Page 5 of Stabenow. Senator Jesse Helms in June of 1991 when learning of the amendment addressing the lesser harm of possession, receipt and transportation of child pornography made a short lived existence for 2G2.4. Based on what is termed a morality earmark Senator Helms through Amendment 780 required the Commission to maintain receipt and possession under 2G2.2. and directed the enhancements apply to both 2G2.2 and 2G2.4. It was not debated except for the remarks of Senator Helms. The remarks of Senator Helms were disputed as inaccurate by the Chair of the Sentencing Commission and the Chair objected to Amendment 780. See Stabenow pages 5-7. As a result a person sentenced for possession or receipt thereafter received the same base offense level as a serious trafficker. USSG amendment 435. Amendment 436 modified 2G2.4 by redacting all offenses except simple possession.

The defendant received a two point enhancement for the use of a computer. 2G2.2(b)(6). The amendment creating this enhancement is similarly flawed, i.e. no empirical study by the Commission. Stabenow pages 14-15, 19.

The defendant received an enhancement for the number of images. 2G2.2(b)(7)(B). No research, study, body of experience, or rational was provided to justify the arbitrary specific offense enhancement amounts, nor the choice of the triggering quantities for the two to five point enhancement related to the number of images of child pornography. Nor was any justification provided for the 2G2.4(b)(4)'s new four level enhancement. See Stabenow page 19.

Courts of appeals may accord a presumption of reasonableness to a within guideline sentence based on the general assumption that the guidelines are the product of careful study based on extensive empirical evidence, Rita 127 S. Ct. at 2464 but not all guidelines are tied to this empirical evidence. Gall, 1287 S. Ct. at 594 n.2. Based on the Sabenow report with included research the defendant suggests the guidelines for child pornography yield a sentence greater than necessary to achieve the § 3553 (a) purposes.

## 18 U.S.C. 3553(a) FACTORS

18 U.S.C. 3553(a) provides that the Court shall impose a sentence sufficient but not greater than necessary , to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider

11

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed;

    (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant and;

    (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for;

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to an amendments mad to such guidelines by act of Congress……and

(ii) that, except as provided in section 3742 (g) are in effect on the date the defendant is sentenced;

(B) in the case of a violation of probation…………

(5) any pertinent policy statement

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress……and

(B) that except as provided in section 3742(g) is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(7) the need to provide restitution to any victims of the offense. 3553(b)(1) and 3553(b)(2) are relevant provisions dealing with child crimes and sexual offenses. 3553 (b)(2)(A)(ii) discusses mitigating circumstances. These are modified by Booker, Gall, Kimbrough and Rita supra.

Based on the defendant's history, characteristics and criminal behavior the sentence established by the guideline is greater than necessary to achieve the goals of sentencing.

The Court in U.S. v. Johnson 2008 WL 5115047(S.D.Iowa) resolved similar issues. The Court found that because the sentencing guidelines for child pornography offenses did not reflect the unique institutional strengths of the Sentencing Commission in that they were not based on study, empirical research, and data, the District Court would afford them less deference than it would to empirically-grounded guidelines. Like Johnson, supra this Court should give substantial consideration to the history and characteristics of the defendant. The defendant has been a hard working, productive member of society all of his life and has no criminal record. 18 U.S.C. 3553(a)(1). As in Johnson, supra this Court should give great consideration to what punishment is sufficient to protect the public from further crimes of this particular defendant. 18 U.S.C. 3553(a)(2)(C). Treatment is important and the defendant will receive that in the Bureau of Prisons. The five year minimum mandatory sentence is more than sufficient. Dr. Athey does not find that testing of the defendant is consistent with the defendant being a pedophile.

Dr. Athey's report in general places the defendant in a category of low risk for repeating the offense or actual physical abuse of a child. This conclusion is consistent with the Michael Seto article, Sexual Abuse: A Journal of Research and Treatment, Vol. 17, No. 2, April 2005 at page 208. The research contradicts the assumption that all child pornography offenders are at high risk to commit contact sexual offenses involving children.

The Johnson Court, supra was mindful of its obligation to avoid "unwarranted disparities" among defendants with similar records and found guilty of similar conduct but also sought to distinguish between defendants with different records or who have engaged in different conduct. 18. U.S.C. 3553(a)(6). The base offense level of 22 represents defendants with differing conduct and over a broad range from receipt to trafficking. This has occurred because Congress rather than amending the statute has manipulated the guidelines. That manipulation of the child pornography guidelines has been without the institutional strengths of the Sentencing Commission in that the manipulation has occurred without empirical research and data. Johnson, supra. See U.S. v. Grober 2008WL 5395768(D.N.J.) for a full review of this issue supporting what has been suggested in this

pleading. Essentially the Grober Court found the results of the child pornography guidelines to be illogical.

Accordingly the defendant respectfully requests the Court for sentencing at the mandatory minimum established by Congress or Five years.

Respectfully Submitted

/s/Thomas M. Dawson
2300 South Fourth St.
Leavenworth, KS 66048
Telephone 913 682 5331
FAX 913 682 7156
e-mail:dawsonlaw@aol.com
Attorney for Defendant

CERTIFICATE OF SERVICE

In accordance with Rule 49(a)(b), and (d), Fed.R.Crim.P., and rule 5(b), Fed.R.Civ.P., it is hereby certified that this document was electronically filed on this 16th day of February 2009 and that the foregoing was sent via e-mail by the Electronic Filing System to: Kim Martin, Assistant United States Attorney, United States Courthouse, 500 State Avenue, Kansas City, Kansas 66101.

/s/Thomas M. Dawson